UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES F. KIERPIEC,

    Plaintiff,

v.

Case No. 2:06-cv-309
HON. GORDON J. QUIST

PATRICIA L. CARUSO,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff James F. Kierpiec, while an inmate at the Kinross Correctional Facility (KCF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendant Michigan Department of Corrections Director Patricia L. Caruso. Plaintiff is currently housed at the Standish Maximum Correctional Facility. Plaintiff alleges in his complaint that he was confined in protective custody. Plaintiff alleges that on December 14, 2006, defendant Caruso implemented a Directors Office Memorandum requiring prisoners from seeking legal assistance from other prisoners through the Legal Writer Program. The memorandum states:

> Over the years, concerns have been raised regarding the inappropriate use of legal assistance agreements by prisoners. These concerns include but are not limited to prisoners charging for their legal services; entering into legal assistance agreements to receive joint law library call-outs in order to socialize with other prisoners with whom they have a personal relationship, to pass contraband, to meet with other prisoners with whom they would otherwise be prohibited from associating, or for other non-legitimate reasons; passing contraband in legal paperwork, refusing to complete legal work or refusing to return it to the prisoner receiving assistance; and forging legal assistance agreements.

> After careful evaluation of this continuing problem, I have determined that this conduct poses a threat to the custody and security of our institutions; therefore, prisoners shall no longer be allowed to enter into legal assistance agreements. Legal assistance will continue to be provided to eligible prisoners through the Legal Writer Program. In addition, prisoners shall continue to have access to law libraries for legal research as set forth in PD 05.03.115 "Law Libraries."
>
> Prisoners who currently have an approved legal assistance agreement shall be permitted to continue to provide and receive assistance under that legal assistance agreement until the agreement expires (i.e., one year after approval) unless terminated by staff pursuant to PD 05.03.116; however, the legal assistance agreements shall not be renewed. All other terms and conditions of legal assistance agreements set forth in PD 05.03.116 remain in effect for the duration of the agreement.

The policy has been superceded by DOM 2007-5 which discusses the legal writer program and eligibility criteria. Plaintiff asserts that this violates his constitutional right to choose a specific prisoner to assist him in pursuing his litigation activities. Plaintiff argues that as a result, some prisoners may never receive assistance from others because of this new policy. Plaintiff alleges that he will never be allowed assistance from a legal writer at the prison because the program is run for general population prisoners and not available to protective custody prisoners. Defendant claims that the program is also for protective custody prisoners. Plaintiff alleges that it is common knowledge that general population prisoners despise protective custody inmates. Plaintiff alleges that his request to enter into a legal agreement with fellow protective custody inmate Robert Winburn was refused. Plaintiff alleges that he needs assistance in exhausting his grievances due to the complex MDOC process. Plaintiff alleges that he is a former alcoholic, is barely able to read or write, has a low comprehension level, and no legal training or experience. Plaintiff alleges that he has no direct access to the law library and must kite to receive legal reference materials. Plaintiff alleges that his request to use the legal writers program was denied. Plaintiff was denied use of the legal writer

program because he has a high school diploma. Plaintiff alleges that his First and Fourteenth Amendment rights were violated by defendant.

Presently before the Court is defendant's Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has filed a response and the matter is ready for decision. Because both sides have asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue

of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff alleges that he is being denied access to the courts by defendant's policy establishing the Legal Writer Program and prohibiting plaintiff from entering into legal agreements with other prisoners. Plaintiff has been denied assistance by the Legal Writers Program because he has a high school diploma and essentially does not require help in his litigation efforts. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1, 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, *1-2 (6th Cir. Nov. 12, 1997). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-353; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Plaintiff claims that he needs assistance in exhausting his grievance remedies because the prison grievance process in too complicated for him to understand. Plaintiff has not shown that he is unable to grieve his complaints. In fact, plaintiff has filed numerous grievances while confined

in prison. Defendant has further asserted that this claim is moot because plaintiff has exhausted his grievance remedies in this case. Moreover, plaintiff has not established denial of access to the courts because plaintiff has failed to show that he suffered any actual injury. Plaintiff claims that he is burdened by having to kite for legal materials while in protective custody. However, plaintiff has not shown that this procedure has denied him access to the courts. Contrary to plaintiff's assertion, it is clear that plaintiff has the ability to access the courts and that his constitutional rights have not been violated by defendant.

Similarly, plaintiff's claim that his equal protection rights are violated by the Legal Writer Program, in the opinion of the undersigned, fails. Plaintiff alleges that because he is in protective custody he has less ability to get help from a legal writer than a general population inmate. To establish a violation of the Equal Protection Clause, a prison inmate must prove that a discriminatory intent or purpose against a disfavored class or excluded group was a factor in an action taken by prison officials. *See McCleskey v. Kemp*, 481 U.S. 279 (1987); *Heckler v. Mathews*, 465 U.S. 728 (1984); *Village of Arlington Heights v. Metropolitan Housing Development Corporation*, 429 U.S. 252, 265 (1977). Clearly, as a protective custody inmate plaintiff is not a member of a suspect class and defendants policies only need be rationally related to a legitimate governmental interest. Plaintiff has not established that his status as a protective custody inmate has any relationship to the denial of his request for a legal writer. In the opinion of the undersigned, plaintiff's equal protection claims fail. Similarly, plaintiff has not supported a due process claim.

Accordingly, it is recommended that defendant's motion to dismiss (Docket #16) be granted and this case be dismissed. It is further recommended that plaintiff's motion for discovery (Docket #44) and motion for a hearing (Docket #47) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

        /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   February 8, 2008